## SUSAN E. SENIOR *v.* KENNETH E. SENIOR
### (2824)
DUPONT, C.P.J., HULL and SPALLONE, Js.

Argued March 5—decision released May 21, 1985

*Diane J. Getzler,* with whom, on the brief, was *Gloria W. Spiekermann,* for the appellant (plaintiff).

*Marcella Gereg,* with whom, on the brief, was *Dianne M. Ventura,* for the appellee (defendant).

HULL, J. The plaintiff appeals from the judgment of the trial court modifying a custody award which was part of a judgment of dissolution rendered on August 4, 1982. In the dissolution judgment, the court, *Ford, J.,* carefully considered all relevant criteria and ordered that the two minor children should remain together in the marital residence in the joint custody of the plaintiff wife and defendant husband with their physical residence with the mother. The defendant was granted liberal visitation rights.

On April 25, 1983, the defendant moved to modify the dissolution judgment on three grounds: (1) that there has been a substantial change regarding the chil-

dren and their custody and welfare; (2) that the plaintiff is cohabitating with an unrelated male; and (3) that the plaintiff's activities and her care of the children were not in their best interests. The defendant sought an order transferring custody of the two minor children to him with rights of visitation granted to the plaintiff.

The court, *Moraghan, J.,* in an oral memorandum of decision on November 22, 1983, concluded as follows: (1) there was no substantial change of circumstances that would significantly affect the custody and visitation order rendered in the dissolution judgment; (2) cohabitation was not established; (3) there were no detrimental effects on the minor children from the plaintiff's relationship with a business partner, Joseph Fritz. The court issued an order "made supplemental to Judge Ford's decision" restricting the presence of any unrelated male on Mrs. Senior's premises between the hours of 5:30 p.m. and 9:30 a.m. That restriction was then made more specific, as follows: "For the purposes of clarification, the court's order with respect to 'no unrelated male, shall be present upon the premises where Mrs. Senior resides or vacations from 5:30 in the evening until 9:30 the following morning,' shall be defined and limited to mean Joseph Fritz, and only he, unless he is accompanied by his spouse or by a lady of an approximate equal age."

The court based its order concerning Fritz on its interpretation of the implications of *Gallo* v. *Gallo,* 184 Conn. 36, 440 A.2d 782 (1981).

We do not reach the question of the propriety of the court's judgment in the light of *Gallo* v. *Gallo,* supra. That case was an appeal from the trial court's judgment in the dissolution action imposing certain restrictions on the defendant's overnight visitations by the child and thus did not involve the question of a mate-

rial change in the circumstances with regard to custody occurring after a dissolution judgment. Here, the court's postjudgment order was an attempt to exercise its powers under General Statutes § 46b-56[1] as to the conditions and limitations on the plaintiff's physical custody of her children which it deemed equitable. The order was a modification of the original custody order. "After the final decree, this court has limited the broad discretion given the trial court to modify custody orders under General Statutes § 46b-56 by requiring that modification of a custody award be based upon either a material change of circumstances which alters the court's finding of the best interests of the child; *Trunik* v. *Trunik,* 179 Conn. 287, 289–90, 426 A.2d 274 (1979); *Cleveland* v. *Cleveland,* 165 Conn. 95, 100, 328 A.2d 691 (1973); *Tippin* v. *Tippin,* 148 Conn. 1, 3, 166 A.2d 448 (1960); *Sullivan* v. *Sullivan,* [141 Conn. 235, 239, 104 A.2d 898 (1954)]; or a finding that the custody order sought to be modified was not based upon the best interests of the child. *Stewart* v. *Stewart,* [177 Conn. 401, 407, 418 A.2d 62 (1979)]; *Simons* v. *Simons,* 172 Conn. 341, 348, 374 A.2d 1040 (1977)." *Hall* v. *Hall,* 186 Conn. 118, 122, 439 A.2d 447 (1982); see also

[1] General Statutes § 46b-56b provides in pertinent part as follows: "(a) In any controversy before the superior court as to the custody or care of minor children, and at any time after the return day of any complaint under section 46b-45, the court may at any time make or modify any proper order regarding the education and support of the children and of care, custody and visitation if it has jurisdiction under the provisions of chapter 815o. Subject to the provisions of section 46b-56a, the court may assign the custody of any child to the parents jointly, to either parent or to a third party, according to its best judgment upon the facts of the case and subject to such conditions and limitations as it deems equitable. The court may also make any order granting the right of visitation of any child to a third party including but not limited to grandparents. (b) In making or modifying any order with respect to custody or visitation, the court shall be guided by the best interests of the child, giving consideration to the wishes of the child if he is of sufficient age and capable of forming an intelligent preference, provided in making the initial order the court may take into consideration the causes for dissolution of the marriage or legal separation if such causes are relevant in a determination of the best interests of the child."

*Pascal* v. *Pascal,* 2 Conn. App. 472, 478, 481 A.2d 68 (1984). The court found that there was no material change of circumstances which altered the original court's finding of the best interests of the children.

The second ground for modifying a custody order is not involved in this case. No claim was made that the original order was not based on the best interests of the children. Thus, the court's modification of the conditions and limitations of the plaintiff's custody of the two minor children cannot stand.

There is error, the judgment is set aside and the case is remanded with direction to render judgment as on file except that the order concerning the presence of Joseph Fritz in the plaintiff's home shall be omitted.

In this opinion the other judges concurred.