## James D. Cotton *v.* Mary Ellen Cotton
### (4874)

Hull, Spallone and Bieluch, Js.

Argued March 12—decision released June 2, 1987

*Gaetano Ferro,* for the appellant (plaintiff).

*David P. Ball,* with whom, on the brief, was *Robert E. Young,* for the appellee (defendant).

SPALLONE, J. The plaintiff is appealing from the judgment of the trial court rendered in an action to dissolve the marriage of the parties. The plaintiff's principal claim is that the trial court erred in granting custody of the parties' four minor children to the defendant wife. The plaintiff also contends that, if this court finds error in the custody awards, we should require the trial court to adjust its financial awards. We find no error.

The trial court found the following facts in its memorandum of decision. The parties were married in 1971. During their marriage, they had four boys. At trial, each party presented psychological testimony regarding custody arrangments for the children. Robert S. Colen, a psychologist testifying for the plaintiff father, described the defendant mother as a very bright, sensitive, caring and loving parent, with her primary commitment being toward her children. Colen also stated, however, that she seemed overwhelmed by parental responsibilities and that she could not successfully accept the responsibility for raising four children in the absence of their father. He recommended that custody of the two older children be awarded to the plaintiff father and the two younger children to the defendant mother.

Kenneth McGrath, a psychologist, testified for the defendant, basing his opinions on a meeting and telephone conversations with the defendant together with Colen's data and report. McGrath testified that the defendant had an outstanding record of exemplary performance, that she was functioning well under the stress of the divorce and that she was providing more than adequate care for the children. He also testified that children should not ordinarily be divided, and recited some common negative effects of such divisions. The court concluded that McGrath advocated a custody award to the defendant.

The court also found that the plaintiff had refused to allow one of the children to enter into a special education program at elementary school. Although the plaintiff denied this contention, his testimony was found not to be credible in light of contrary testimony by the principal of the school. The court found that the evidence clearly established that the best interests of the children require that custody be awarded to the mother, with the plaintiff father having reasonable, liberal and flexible rights of visitation. After determining support and alimony awards and a property settlement, the court rendered judgment accordingly.

The plaintiff has listed six reasons to support his claim that the court erred in awarding custody of the parties' four minor children to the defendant. He alleges that the court (1) misunderstood the expert testimony of the psychologist presented by the defendant, (2) failed to order that a custody study be performed by the family relations office, (3) failed to appoint counsel to represent the minor children, (4) failed to permit testimony about the children's psychology and preferences which it knew to be admissible, (5) failed to consider the preferences of the oldest child and failed to recognize that a child's wishes should be considered in determining custody, and (6) failed to enforce the parties' agreement and a previous court order that the parties would be bound by the recommendations of a court-appointed psychologist.

The plaintiff's primary claim is that the court's factual finding regarding McGrath's custody recommendation was clearly erroneous. The court stated in its memorandum of decision that McGrath "advocates a custody award to the defendant mother." The plaintiff asserts that McGrath made no such recommendation, but that his testimony was limited to commenting on the defendant's ability to raise the children herself and criticisms of Colen's recommendation that custody

of the children be divided between the parents. The plaintiff contends, therefore, that the court based its custody determination on a recommendation that was never made.

Our review of the factual findings of the trial court is limited to the determination of whether, in view of the evidence and pleadings in the whole record, those findings are clearly erroneous. Practice Book § 4061. A factual finding of the trial court is clearly erroneous if it is unsupported by the evidence or if, in view of the evidence and pleadings in the whole record, this court is left " 'with the definite and firm conviction that a mistake has been committed.' " *Doyle* v. *Kulesza,* 197 Conn. 101, 105, 495 A.2d 1074 (1985); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980); *Buddenhagen* v. *Luque,* 10 Conn. App. 41, 45, 521 A.2d 221 (1987). " 'It is the province of the trier of fact to weigh the evidence presented and determine the credibility and effect to be given the evidence. See *Hally* v. *Hospital of St. Raphael,* 162 Conn. 352, 359, 294 A.2d 305 (1972). On appellate review, therefore, we will give the evidence the most favorable reasonable construction in support of the verdict to which it is entitled. . . .' " *Gorra Realty, Inc.* v. *Jetmore,* 200 Conn. 151, 160, 510 A.2d 440 (1986), quoting *Swift & Co.* v. *Rexton,* 187 Conn. 540, 543, 447 A.2d 9 (1982).

It is true that McGrath did not make a specific recommendation regarding the children's custody in this case. He did testify, however, that he disagreed with Colen's recommendation that custody be divided between the two parents, stating that the splitting of siblings often results in grief, mourning, loss and anger among the siblings. He also testified that the defendant was fully capable of raising the four boys, and that they should stay together. We cannot say that it was clearly erroneous for the trier of fact to infer from such testimony that McGrath advocated a custody award to the defendant mother.

The remaining of the plaintiff's claims are addressed to the discretionary functions of the trial court and may be disposed of quickly. Our appellate courts have repeatedly held that the trial court has broad discretion in family matters. *Yontef* v. *Yontef,* 185 Conn. 275, 279, 440 A.2d 899 (1981). Judicial review of the trial court's exercise of its discretion is limited to determining whether the court correctly applied the law and could reasonably have concluded as it did. *Timm* v. *Timm,* 195 Conn. 202, 210, 487 A.2d 191 (1985).

The plaintiff's claim that the court failed to order a custody study by the family relations office is without merit. The court did order the family relations office to prepare a report on custody, visitation and finances, but the office failed to make a recommendation before the case went to trial. The plaintiff does not claim that he ever sought a continuance at trial pending the recommendation of family relations. The trial court was not obligated to consider such a study before rendering judgment, as an order of custody study lies within the broad discretion of the trial court. General Statutes § 46b-6; *Ridgeway* v. *Ridgeway,* 180 Conn. 533, 542 n.6, 429 A.2d 801 (1980).

The court did not err in failing to appoint counsel to represent the minor children. The appointment of counsel for minor children lies within the discretion of the trial court. General Statutes § 46b-54; *Ridgeway* v. *Ridgeway,* supra. The plaintiff has provided us with no basis for concluding that the trial court abused its exercise of discretion in this matter.

We find no merit to the plaintiff's claim that the court failed to permit testimony that it knew to be admissible. The plaintiff never excepted to the trial court rulings in this regard and therefore failed to preserve this claim for review. Practice Book § 288; *Kimbrell* v. *Rossitto,* 6 Conn. App. 638, 652, 507 A.2d 120 (1986).

We note that even after the court sustained one of the defendant's hearsay objections, it suggested that the plaintiff could research this issue over the lunchtime recess, and that the court would allow him to continue the line of inquiry after the recess upon locating the proper authority for allowing the hearsay testimony. Despite the fact that the plaintiff notified the court after the recess that he had located the proper hearsay exception, he failed to return to this line of inquiry in her cross-examination of the witness.

There is no merit to the plaintiff's claim that the court failed to consider the preference of the oldest child to live with his father. The testimony concerning the child's statement was a hearsay statement introduced though his father. The weight to be given such testimony is solely within the province of the trial court. *Timm* v. *Timm,* supra, 210; *Beede* v. *Beede,* 186 Conn. 191, 195, 440 A.2d 282 (1982). The plaintiff has failed to demonstrate that the court failed to consider this testimony.

Finally, there is no merit to the plaintiff's claim that the court erred by failing to enforce the parties' agreement and a previous court order that the parties would be bound by the recommendation of a court-appointed psychologist. First, the trial record indicates that any such agreement was limited solely to pendente lite orders. Second, only a judicial authority has the power to make or modify custody awards. See *Valante* v. *Valante,* 180 Conn. 528, 532, 429 A.2d 964 (1980); *Holmes* v. *Holmes,* 2 Conn. App. 380, 382, 478 A.2d 1046 (1984). No court in this state can delegate its judicial authority to any person serving the court in a nonjudicial function. The court may seek the advice and heed the recommendation contained in the reports of persons engaged by the court to assist it, but in no event

may such a nonjudicial entity bind the judicial authority to enter any order or judgment so advised or recommended.

Because the claimed errors in the financial awards are conditioned upon a finding of error in the custody award, we have no need to review these claims.

There is no error.

In this opinion the other judges concurred.