### HOWIE'S PAINTING SERVICE, INC. v. BALDOMAR FERRERIA
### (5561)

SPALLONE, DALY and STOUGHTON, Js.

Submitted on briefs September 28—decision released November 10, 1987

---

*Keith A. Rubenstein* filed a brief for the appellant (defendant).

*John A. Florek* and *David A. Kollmann* filed a brief for the appellee (plaintiff).

PER CURIAM. The defendant appeals from the trial court's acceptance of an attorney factfinder's report, and the subsequent rendering of judgment for the plaintiff. We find no error.

The defendant alleges that the trial court erred in rendering judgment for the plaintiff on the complaint and the counterclaim where (1) the facts ruled on were not supported by the evidence, (2) the subordinate facts found were in conflict with the ultimate factual conclusions, and (3) the facts found and the conclusions reached were inadequate to support the judgment.

The defendant's claims of error are no more than a sweeping attack on the factual findings of the court. Although we are loath to repeat ourselves, we must again declare our disapproval of such claims. "Our review of the factual findings of the trial court is limited to the determination of whether, in view of the evidence and pleadings in the whole record, those findings are clearly erroneous." *Cotton* v. *Cotton,* 11 Conn. App. 189, 192, 526 A.2d 547 (1987). "Unless there were *no* facts upon which the court could base its finding, we as an appellate body cannot retry the case or substitute our judgment for that of the trial court." (Emphasis added.) *Wolk* v. *Wolk,* 191 Conn. 328, 330, 464 A.2d 780 (1983), citing *Weiman* v. *Weiman,* 188 Conn. 232, 234, 449 A.2d 151 (1982).

The outcome of this contractual dispute rested heavily on the testimony of the various witnesses, and it is not for us to say who provided the more credible evidence. "It is settled law that the credibility of witnesses and the weight to be accorded to their testimony is

entirely a matter for the discretion of the trier of fact." *Filosi* v. *Hawkins,* 1 Conn. App. 634, 641, 474 A.2d 1261 (1984); see also *Edens* v. *Kole Construction Co.,* 188 Conn. 489, 494–95, 450 A.2d 1161 (1982), and cases cited therein.

Our review of the record, transcripts and briefs clearly indicate that the factual findings and conclusions of the trial court are amply supported by the evidence. See *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 435 A.2d 24 (1980).

There is no error.