THOMAS PAYTON *v.* MARY ELLEN H. PAYTON
(AC 27037)

Schaller, DiPentima and Harper, Js.

Submitted on briefs February 9—officially released September 18, 2007

*Geraldine Ficarra* and *Michael Ruben Peck* filed a brief for the appellant (defendant).

*Lori Welch-Rubin* filed a brief for the appellee (plaintiff).

*Ian Angus Cole*, filed a brief for the guardian ad litem of the minor child.

*Opinion*

HARPER, J. The defendant, Mary Ellen H. Payton, appeals from the postdissolution orders of the trial court awarding the plaintiff, Thomas Payton, physical custody of the parties' minor child. On appeal, the defendant claims that the court's modification of its custody order was improper because (1) at the hearings on the plaintiff's motion for modification, the child did not have legal representation, (2) a previously ordered report from the family relations division of the Superior Court had not been filed at the time that the court rendered its decision and (3) the court failed to accord appropriate weight to the facts bearing on the court's determination.[1] We affirm the judgment of the trial court.

The relevant facts underlying this appeal are not in dispute. The parties were married on October 14, 1983, and have one minor child who was born on July 4,

---

[1] The defendant also argues that the court improperly permitted Sidney Horowitz, a neuropsychologist, to testify concerning his forensic evaluations of the parties because he failed to provide them previously with written copies of those evaluations. Our review of the record, however, reveals that this issue was never raised before the trial court. Because this unpreserved issue has been raised for the first time on appeal and the defendant has not requested review under any doctrine by which this court may review unpreserved claims, we decline to address it. See *Perry* v. *State*, 94 Conn. App. 733, 740, 894 A.2d 367, cert. denied, 278 Conn. 915, 899 A.2d 621 (2006).

1998.[2] On July 2, 2002, the plaintiff filed a complaint for dissolution of marriage on the ground that the marriage had broken down irretrievably. On June 26, 2003, the court dissolved the parties' marriage and incorporated into its judgment the provisions of a marital settlement agreement (settlement). In the settlement, both parties agreed that they would have joint legal custody of their child and that their child would reside with the defendant. The parties further stipulated that the plaintiff would have "broad and reasonable visitation rights," including visitation pursuant to a schedule included in the settlement. At the time of the dissolution of the marriage and at all times thereafter, the defendant resided in Connecticut and plaintiff resided in Virginia.

On September 27, 2004, the plaintiff filed a motion for modification in which he requested an order granting him physical custody of the parties' minor child. As grounds for modifying the custody order, the plaintiff alleged that "[t]he current home continues to be an unstable environment, emotionally [and] financially threatening the growth and development of the minor child." Following three days of hearings on the motion in August, 2005, the court concluded that it was not in the best interest of the child to permit the defendant to retain physical custody. Accordingly, the court granted the motion and ordered an immediate transfer of physical custody of the child to the plaintiff.

Thereafter, the defendant filed a motion for reargument in which she alleged, inter alia, that (1) the child should have been represented by legal counsel at the hearing, (2) the court improperly failed to apply the multifactor analysis set forth in *Ireland* v. *Ireland*, 246 Conn. 413, 717 A.2d 676 (1998), for deciding a motion for permission to relocate, (3) the court improperly decided the motion in the absence of a previously

---

[2] The child has special needs due to the fact that she is physically disabled.

ordered report from the family relations division and (4) the court failed to consider properly the various facts pertaining to whether to award physical custody of the child to the plaintiff. The motion for reargument was denied. This appeal followed.

It is well settled that, in family matters, "this court will not disturb the trial court's orders unless it has abused its legal discretion or its findings have no reasonable basis in fact. . . . It is within the province of the trial court to find facts and draw proper inferences from the evidence presented. . . . [W]here the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, these facts are clearly erroneous." (Citations omitted; internal quotation marks omitted.) *Rummel* v. *Rummel*, 33 Conn. App. 214, 220–21, 635 A.2d 295 (1993). Likewise, "[w]e review claims that the court improperly denied a motion for reargument under the abuse of discretion standard. . . . When reviewing a decision for an abuse of discretion, every reasonable presumption should be given in favor of its correctness." (Citation omitted; internal quotation marks omitted.) *Murray* v. *Murray*, 65 Conn. App. 90, 102, 781 A.2d 511, cert. denied, 258 Conn. 931, 783 A.2d 1029 (2001). Having set forth the applicable standard of review, we turn to the grounds on which the defendant alleges that she is entitled to argue anew the motion for modification of physical custody.

I

We begin by addressing the defendant's claim that the court improperly failed to appoint counsel to represent the interests of the minor child. The defendant argues that the failure to take such action was improper because there was no one at the hearings to ensure

the adequate protection and promotion of the child's interests. We disagree.

General Statutes § 46b-54 (a) provides in relevant part that a trial court "may appoint counsel for any minor child . . . if the court deems it to be in the best interests of the child," and § 46b-54 (b) provides in relevant part that counsel "may also be appointed . . . when the court finds that the custody, care, education, visitation or support of a minor child is in actual controversy . . . ." As the word "may" implies, a court's decision to appoint counsel for a minor child is entirely discretionary. As such, "the failure of the court to appoint an attorney [generally is] not such a clear abuse of discretion that [a party] would be entitled to reversal on that ground." (Internal quotation marks omitted.) *Lambert* v. *Donahue*, 78 Conn. App. 493, 503, 827 A.2d 729 (2003).

In this case, the court ordered the appointment of Gayle Carr, an attorney, as guardian ad litem for the minor child. In an articulation of its decision to grant the plaintiff's motion, the court stated that it did not appoint counsel for the child because neither party requested such an order. In addition, the court stated that it was disinclined to order such an appointment sua sponte because "the defendant resisted any and all motions" and did not want to pay her share of the fee for Carr's service as guardian ad litem.

On appeal, the defendant does not challenge the factual underpinnings of the court's explanation. Furthermore, the evidence does not reflect that the parties were indifferent to the impact that the custody determination would have on their child, which would have suggested that the child needed an appointed advocate to ensure the protection of her interests. In light of the court's reasons for not appointing counsel for the child and the fact that neither party made such a request, we are

not persuaded that the court improperly exercised its discretion in this regard.

## II

Next, we address the defendant's claim that the court's issuance of the custody orders in the absence of a previously ordered report by the family relations division was improper. According to the defendant, proceeding to judgment without the report directly contravened the mandatory language of Practice Book § 25-60. We disagree.

General Statutes § 46b-6 authorizes a trial court to order an investigation of any circumstances pertaining to the disposition of a family relations matter.[3] Consistent with the language of General Statutes § 46b-7,[4] Practice Book § 25-60 (a) provides that if the court orders such an investigation, "the case shall not be disposed of until the report has been filed . . . unless the judicial authority shall order that the case be heard before the report is filed, subject to modification on the filing of the report." In this case, the court ordered the family relations division to prepare a report concerning custody of the child. The original return date on the report was February 25, 2005, yet it still had not been completed by August 24, 2005, the date of the first hearing on the motion for modification.[5] Neither party objected to the issuance of a decision prior to the filing of the report. Furthermore, it is undisputed that the

[3] General Statutes § 46b-6 provides in relevant part: "In any pending family relations matter the court or any judge may cause an investigation to be made with respect to any circumstance of the matter which may be helpful or material or relevant to a proper disposition of the case. . . ."

[4] General Statutes § 46b-7 provides in relevant part: "Whenever, in any family relations matter . . . an investigation has been ordered, the case shall not be disposed of until the report has been filed . . . ."

[5] In its articulation of its decision granting the plaintiff's motion, the court stated that the family relations report was not completed on time because the defendant's postponement of her appointments with a neuropsychologist, Sidney Horowitz, who evaluated the parties, caused a corresponding delay in the completion of her psychological evaluation.

court did not receive a report from the family relations division after it issued its order transferring physical custody to the plaintiff.

We begin by noting that there is no evidence to suggest that the court's judgment was not "subject to modification on the filing of the report" and therefore noncompliant with the mandates of Practice Book § 25-60 (a). Although the court did not mention specifically the caveat that its judgment may be modified upon receipt of the report, we are unaware of any case, and the defendant has not cited any, that has held that a judgment is not "subject to modification" within the meaning of Practice Book § 25-60 unless the court states so expressly. The family relations division never filed a report with the court. Accordingly, it is pure conjecture to assume that the court would not have been willing to modify the judgment on that basis.

Moreover, our Supreme Court has stated that a court's decision to order an investigation pursuant to § 46b-6 is discretionary. *Ridgeway* v. *Ridgeway*, 180 Conn. 533, 542 n.6, 429 A.2d 801 (1980). As such, "[w]hile it may be helpful to a judge deciding a custody dispute to obtain the disinterested assessment such a report should provide . . . the court [is not] required to do so." Id. Here, the court heard three days of testimony from the parties concerning their respective living situations, as well as testimony from Carr on that subject. Although a report from the family relations division may have been helpful, there was other evidence from which the court could evaluate each party's ability to serve as the custodial parent.[6] Under such circumstances, in which the defendant did not object at the

[6] Notably, the defendant does not claim that the report would have yielded additional or new information concerning each party's ability to retain physical custody of the child. See *Duve* v. *Duve*, 25 Conn. App. 262, 594 A.2d 473, cert. denied, 220 Conn. 911, 597 A.2d 332 (1991), cert. denied, 502 U.S. 1114, 112 S. Ct. 1224, 117 L. Ed. 2d 460 (1992). Instead, her argument is seemingly premised on the supposition that the failure to file the report, in and of itself, warrants reversal of the judgment of the court.

hearing or otherwise request that the court postpone its decision pending the completion of the report, we cannot say that the court abused its discretion as to this issue. See *Cotton* v. *Cotton*, 11 Conn. App. 189, 193, 526 A.2d 547 (1987) (where party did not seek continuance pending recommendation of family relations division, trial court within its discretion not to consider previously ordered study from family relations division before rendering judgment).

## III

We now turn to the defendant's argument relating to the merits of the court's order awarding physical custody to the plaintiff. The defendant claims that the court based its decision on an improper weighing of the facts. Specifically, the defendant contends that the court accorded excessive weight to her demeanor during the hearings, while affording insufficient weight to the plaintiff's lack of previous experience as the custodial parent and the effect that severely reducing contact with the defendant would have on the child.[7] We are not persuaded.

"The authority to render orders of custody and visitation is found in General Statutes [Rev. to 2003] § 46b-56, which provides in part: (a) In any controversy before the Superior Court as to the custody or care of minor children . . . the court may at any time make or modify

---

[7] The defendant also claims that the plaintiff "sought a relocation order under the guise of a motion for modification . . . ." In keeping with that assertion, the defendant argues that the court failed to evaluate the merits of the motion pursuant to the factors set forth in *Ireland* v. *Ireland*, supra, 246 Conn. 413. We disagree. The facts of this case make it plain that the motion did not concern relocation, as contended by the defendant. Motions for permission to relocate are filed in situations involving a custodial parent's proposed establishment of a primary residence in another state. See generally id. Here, the court was asked to determine which parent should have custody, not whether the custodial parent should be permitted to relocate outside of the state. Accordingly, the motion was identified properly as a motion for modification of custody.

any proper order regarding . . . custody and visitation
. . . . (b) In making or modifying any order with
respect to custody or visitation, the court shall (1) be
guided by the best interests of the child . . . ." (Internal quotation marks omitted.) *Kennedy* v. *Kennedy*, 83
Conn. App. 106, 113, 847 A.2d 1104, cert. denied, 270
Conn. 915, 853 A.2d 530 (2004). "Before a court may
modify a custody order, it must find that there has been
a material change in circumstance since the prior order
of the court, but the ultimate test is the best interests
of the child. . . . The sole question is whether the trial
court abused its discretion in deciding that the best
interests of the child would be served by [the modification]. The trial court [has] the advantage of observing
the witnesses and the parties. Considerable evidence
[normally is] presented concerning the activities of the
parties since [the rendering of the original judgment].
In circumstances like these, whether the best interests
of the [child] dictate a change of custody is left to the
broad discretion of the trial court. . . . A mere difference of opinion or judgment cannot justify the intervention of this court. Nothing short of a conviction that
the action of the trial court is one which discloses a
clear abuse of discretion can warrant our interference."
(Internal quotation marks omitted.) Id.

The following additional facts are necessary to our
resolution of the defendant's claim. In the articulation
of its decision, the court stated that it granted physical
custody to the plaintiff on the basis of its belief that
"the defendant was not emotionally stable." To support
that conclusion, the court cited the defendant's behavior during the course of the hearings, which, it believed,
showed signs of a "significant and obvious mental and
emotional deterioration . . . ." The court also relied on
the testimony of Sidney Horowitz, a neuropsychologist,
and Carr concerning their impressions of the defendant
on the basis of their previous interactions with her. In

particular, the court took note of Carr's statement that she found the defendant's "level of anger" to be "scary" and that she had concerns about the "history of violence involving [the defendant]." The court also mentioned Horowitz' testimony that he believed that the defendant has "traits of borderline personality disorder" and "traits of histrionic personality disorder."

The court also expressed concerns about whether the emotional needs of the child were being met. In that regard, it noted Carr's testimony that "the emotional stability . . . of the child is lost in the home" and Horowitz' testimony that "an environment that is potentially calmer . . . and less labial" would likely produce "a more proactive and better result for a child [growing] up." Finally, the court stated that it relied on its evaluation of the testimony of Horowitz and Carr concerning the plaintiff's interaction with and ability to care for the child.

The court did not state expressly that it found either (1) that there had been a material change of circumstances that altered its earlier finding concerning the best interest of the child or (2) that the original custody order was not based on the best interest of the child. See *Kelly* v. *Kelly*, 54 Conn. App. 50, 55–56, 732 A.2d 808 (1999). The court clarified in its articulation, however, that "[t]he change of custody motion was determined by the court under the best interests of the child standard as set forth in General Statutes § 46b-56." Because of its explicit reference to the standard enunciated in § 46b-56, we are satisfied that the court made all of the requisite findings in deciding the motion for modification. Furthermore, the defendant did not ask the court to explain further its findings as to this issue, and she does not claim on appeal that the court applied the wrong legal standard in deciding the motion.

The court is vested with broad discretion in determining what actions would be in the best interest of a child.

See *Stahl* v. *Bayliss*, 98 Conn. App. 63, 68, 907 A.2d 139, cert. denied, 280 Conn. 945, 912 A.2d 477 (2006). Accordingly, this court remains ever vigilant not to usurp that authority or to substitute its judgment for that of the trial court. In this case, a review of the court's articulation reveals that it paid careful attention to the evidence concerning the defendant's emotional stability, including her behavior and demeanor during the proceedings. Furthermore, it is apparent from the articulation that the court considered whether the plaintiff would be able to care adequately for the child. On the basis of our certainty that the court considered the arguments propounded by the defendant, we cannot say that the court abused its discretion by concluding that the evidence weighed in favor of transferring physical custody of the child to the plaintiff.

The judgment is affirmed.

In this opinion DiPENTIMA, J., concurred.

SCHALLER, J., concurring. Although I agree with the result, I respectfully disagree with the majority's conclusion that the trial court made all of the requisite findings under the circumstances of this case. The majority states: "The court did not state expressly that it found either (1) that there had been a material change of circumstances that altered its earlier finding concerning the best interest of the child or (2) that the original custody order was not based on the best interest of the child. See *Kelly* v. *Kelly*, 54 Conn. App. 50, 55–56, 732 A.2d 808 (1999). The court clarified in its articulation, however, that '[t]he change of custody motion was determined by the court under the best interests of the child standard as set forth in General Statutes § 46b-56.' *Because of its explicit reference to the standard enunciated in § 46b-56, we are satisfied that the court made all of the requisite findings in deciding the*

*motion for modification.*" (Emphasis added.) I cannot agree that it is enough simply to refer to the standard stated in § 46b-56 without making specific findings of a material change in circumstances or that the original custody order was not made in the best interest of the child.

On April 12, 2006, the court issued an articulation of its order awarding the plaintiff, Thomas Payton, custody of the minor child. It stated that the "alleged instability [of the defendant, Mary Ellen H. Payton] was the sole issue of the modification . . . ." It further opined that "a complete reading of the transcripts will show [that] the defendant was not emotionally stable. The defendant throughout the three days of hearings acted unstable, and her testimony was emotionally charged and she deteriorated significantly during the trial." The court noted that this motion "was determined . . . under the best interest of the child standard as set forth in . . . § 46b-56."

In granting the plaintiff's motion, the court relied on the testimony of Sidney Horowitz, a neuropsychologist, and attorney Gayle Carr, the guardian ad litem for the child. Horowitz indicated that the defendant exhibited the traits of borderline personality disorder and of a histrionic personality disorder. Carr testified that the emotional stability and the well-being of the child was lost in the defendant's home. The court expressly stated that it "especially listened carefully to the testimony of . . . Horowitz and [Carr] . . . ." It also made its determination to change physical custody on its observations of the plaintiff's interactions with the child and his ability to care for a special needs child. The court also took into account the defendant's "significant and obvious mental and emotional deterioration during the trial . . . ." Absent in both the original order of a change of physical custody and the articulation is the prerequisite finding of either a material change in circumstances or

that the custody order sought to be modified was not based on the best interest of the child.

The standard for a trial court's modification of a custody order is clearly stated in our case law. "The authority to render orders concerning custody and visitation is found in General Statutes § 46b-56, which provides in relevant part: (a) In any controversy before the Superior Court . . . the court may at any time make or modify any proper order regarding . . . custody and visitation . . . . That section further provides that in modifying any order with respect to custody or visitation, the court shall . . . be guided by the best interests of the child . . . . General Statutes [Rev. to 1997] § 46b-56 (b). [*Our Supreme Court*] *has limited the broad discretion given the trial court to modify custody orders under . . . § 46b-56 by requiring that modification of a custody award be based upon either a material change of circumstances which alters the court's finding of the best interests of the child . . . or a finding that the custody order sought to be modified was not based upon the best interests of the child. . . .*

"To obtain a modification, the moving party must demonstrate that circumstances have changed since the last court order such that it would be unjust or inequitable to hold either party to it. Because the establishment of changed circumstances is a *condition precedent* to a party's relief, *it is pertinent for the trial court to inquire as to what, if any, new circumstance warrants a modification of the existing order.* In making such an inquiry, the trial court's discretion is essential." (Citation omitted; emphasis added; internal quotation marks omitted.) *Kelly* v. *Kelly*, supra, 54 Conn. App. 55–56; see also *Hall* v. *Hall*, 186 Conn. 118, 122, 439 A.2d 447 (1982); *Daddio* v. *O'Bara*, 97 Conn. App. 286, 292, 904 A.2d 259, cert. denied, 280 Conn. 932,

909 A.2d 957 (2006); *Senior* v. *Senior*, 4 Conn. App. 94, 96, 492 A.2d 523 (1985).

The court must first consider what circumstances have changed warranting a custody change and then make a custody determination on the basis of the best interest of the child. See *Kelly* v. *Kelly*, supra, 54 Conn. App. 56 (trial court's modification of dissolution decree without requisite finding improper). In this case, the modification was sought because, as the plaintiff alleged in his motion for modification, "[t]he current home *continues to be* an unstable environment, emotionally [and] financially . . . ." (Emphasis added.) In its August 31, 2005 order, the court stated that it was in the best interest of the child to award joint legal custody to the parties with physical possession to the plaintiff. There is no express finding of either a material change in circumstances or that the original order was not based on the best interest of the child.

The court, in its articulation dated April 12, 2006, stated that its decision was based on the best interest of the child standard. Again, the court did not make any determination as to a material change of circumstances warranting a custody change. Furthermore, there was no finding regarding the propriety of the original custody order. In the articulation, the court cited the defendant's emotional instability, as evidenced by her behavior during trial, and relied on portions of testimony. It also stated that an immediate custody change was warranted because "[t]he defendant throughout the three days of hearings acted unstable, and her testimony was emotionally charged and she deteriorated significantly during the trial." Beyond the ambiguity of those comments, the court's strong reliance on its observations of the defendant's demeanor and emotional state during this highly charged, contested custody matter is troubling. It is not evident whether these observations

bear any relation whatsoever to her continuing capability as a parent as opposed to her response to the stress of going through a trial concerning a change in custody of her child, an experience which would be no small matter to any parent. Even the testimony containing allusions to her "alleged instability" is neither *here nor there* as it relates to how she performed or could perform in raising her child. It is apparent that there are no findings whatsoever concerning a material change in circumstances from the time of the original custody order or that the original custody order was not based on the best interest of the child. The court's observations during the course of the hearing are not a suitable substitute for the specific findings that would warrant an immediate change in custody.

In *Kelly* v. *Kelly*, supra, 54 Conn. App. 50, we stated emphatically: "To obtain a modification, the moving party must demonstrate that circumstances have changed since the last court order such that it would be unjust or inequitable to hold either party to it. Because the establishment of changed circumstances is a condition precedent to a party's relief, it is pertinent for the trial court to inquire as to what, if any, new circumstance warrants a modification of the existing order. In making such an inquiry, the trial court's discretion is essential. . . . [T]he trial court's discretion [however] only includes the power to adapt the order to some distinct and definite change in the circumstances or conditions of the parties." (Internal quotation marks omitted.) Id., 55–56.

In my view, the court failed to make the required findings with respect to the plaintiff's motion for modification of custody.[1] It is axiomatic that it is not our

[1] I am mindful of our decision in *Lambert* v. *Donahue*, 78 Conn. App. 493, 506, 827 A.2d 729 (2003), in which we rejected a claim that the court modified custody without making a finding of changed circumstances, in part, on the basis of the court's references to General Statutes §§ 46b-56, 46b-84, 46b-62 and 46b-87. In *Lambert*, we also noted that the court's memorandum of

function, as an appellate court, to engage in fact-finding. *Miller* v. *Westport*, 268 Conn. 207, 221, 842 A.2d 558 (2004); see also *Monette* v. *Monette*, 102 Conn. App. 1, 22, 924 A.2d 894 (2007) (*Schaller, J.*, concurring). It is, however, also well established that our review is limited to claims raised by the parties in their briefs.[2] "We need no citation for our long settled rule that an appellant's claims must be fully and adequately briefed and argued in the brief submitted to this court." *Legnos* v. *Legnos*, 70 Conn. App. 349, 250 n.1, 797 A.2d 1184, cert. denied, 261 Conn. 911, 806 A.2d 48 (2002). A thorough review of the defendant's brief reveals that she did not make a claim with respect to the court's failure to find either a material change in circumstances or that the custody order sought to be modified was not based on the best interest of the child. Although the absence of findings by the court is troubling, it cannot provide a basis for reversing the judgment of the court changing custody of the minor child.

For those reasons, I respectfully concur in the judgment.

---

decision was "replete with references to evidence that demonstrates a change in circumstances by the parties' complete inability to communicate concerning the child." *Lambert* v. *Donahue*, supra, 506. Such evidence is absent in the present case.

[2] Our Supreme Court recently stated: "We long have held that, in the absence of a question relating to subject matter jurisdiction, the Appellate Court may not reach out and decide [an appeal] before it on a basis that the parties never have raised or briefed. . . . To do otherwise would deprive the parties of an opportunity to present arguments regarding those issues. . . . If the Appellate Court decides to address an issue not previously raised or briefed, it may do so only after requesting supplemental briefs from the parties or allowing argument regarding that issue." (Citations omitted; internal quotation marks omitted.) *State* v. *Dalzell*, 282 Conn. 709, 715, 924 A.2d 809 (2007).