JAMES E. GILLESPIE *v.* MICHELLE K. JENKINS
(AC 31315)

Harper, Beach and Borden, Js.

Argued October 27, 2010—officially released March 15, 2011

*Jeffrey N. Low,* for the appellant (plaintiff).

*Michelle K. Jenkins,* pro se, the appellee (defendant).

*Opinion*

BEACH, J. The plaintiff, James E. Gillespie, appeals from the judgment of the trial court granting the motion of the defendant, Michelle K. Jenkins, to open and to modify the court's award of joint legal custody of their minor child. The plaintiff claims that the court erred in awarding the defendant primary decision-making authority over all activities, including the child's well-being, health, schooling and extracurricular activities when there was no testimony or other evidence on which it could find that there had been a material change in circumstances such that it was in the best interest of the child to do so. We affirm the judgment of the trial court.

The following facts and procedural history are relevant. The plaintiff and the defendant, who were never

married to each other, have one minor child who was born in May, 2004. In November, 2005, the plaintiff filed a complaint seeking, inter alia, joint legal custody of the child. In February, 2007, the court, *Swienton, J.*, rendered judgment granting joint custody of the child to the parties, awarding primary physical custody to the defendant and outlining the parties' access to the child. The court also ordered the plaintiff to pay the defendant $105 per week in child support. In December, 2008, the parties entered into a postjudgment agreement, approved by the court, which increased the child's visitation time with the plaintiff and detailed other access arrangements.

The defendant filed a motion to open and to modify the judgment. In the motion she claimed, inter alia, that the parties were engaged in a dispute over the child's karate lessons and requested, inter alia, that the court modify the joint custody order to grant the defendant final decision-making authority over issues involving the minor child. The plaintiff filed a motion to terminate child support. On July 14, 2009, the court, *Hon. Joseph H. Goldberg*, judge trial referee, held a hearing on the motions. At the hearing, the defendant's counsel stated that "there's nothing in this court's orders that gives these parties recourse other than the courthouse for disputes, and, quite frankly, as of recent[ly], there's been many disputes. And so my request of this court is going to be that [the defendant] have final decision-making authority after consultation in the event that . . . agreements cannot be reached. Because, quite frankly, as you can see from the docket, [the plaintiff], at least, has brought this matter back into the courthouse every year, sometimes more than once a year since this five year old child was born." The defendant's counsel further stated that in the defendant's motion she requested coparenting counseling for the parties but questioned "what happens when there is not a decision

even after coparenting counseling, and that's why [the defendant] as primary residential parent has requested final decision-making authority."

Regarding the dispute over karate, the defendant's counsel stated that the defendant had requested in writing that the plaintiff not take their child to her brother's karate studio, because of animosity between the parents and the defendant's brother, who also was the child's karate instructor. The defendant's counsel stated that the defendant offered to pay for the cost of attending a different karate studio even though the child's lessons apparently were free at her brother's studio. The defendant's counsel stated that the parties were unable to reach a decision in this regard. The defendant's counsel also indicated that there was a disagreement concerning which elementary school the child should attend following kindergarten. At the hearing, the defendant testified that she would be retiring from her position with the department of correction effective October 1, 2009. She further testified that she did not intend to work for the rest of 2009, but after that she intended to return to work "in some capacity."

In granting the defendant's motion, the court reasoned that because the defendant "is retiring effective October 1, 2009, the court is . . . designat[ing] her as the primary caretaker. In the event she takes a position that keeps her out of the home for forty hours a week, then [the plaintiff] can file [a] motion at that time." The court further stated that it gave the defendant primary decision-making authority over all questions regarding the child's well-being, health, schooling and extracurricular activities. The court also ordered mutual suspension of all child support payments. After granting the motions of both parties, the court stated that "[b]oth sides have won, I think. [The plaintiff] got the support to be suspended; [the defendant] is the primary decision maker . . . ." This appeal followed.

General Statutes § 46b-56, which provides authority to render orders of custody, provides in relevant part: "(a) In any controversy before the Superior Court as to the custody or care of minor children . . . the court may make or modify any proper order regarding the custody, care, education, visitation and support of the children . . . . Subject to the provisions of section 46b-56a, the court may assign parental responsibility for raising the child to the parents jointly, or may award custody to either parent . . . according to its best judgment upon the facts of the case and subject to such conditions and limitations as it deems equitable. . . . (b) In making or modifying any order as provided in subsection (a) of this section, the rights and responsibilities of both parents shall be considered and the court shall enter orders accordingly that serve the best interests of the child and provide the child with the active and consistent involvement of both parents commensurate with their abilities and interests. . . ." "Before a court may modify a custody order, it must find that there has been a material change in circumstance since the prior order of the court, but the ultimate test is the best interests of the child. . . . The sole question is whether the trial court abused its discretion in deciding that the best interests of the child would be served by [the modification]." (Internal quotation marks omitted.) *Payton* v. *Payton*, 103 Conn. App. 825, 834, 930 A.2d 802, cert. denied, 284 Conn. 934, 935 A.2d 151 (2007).

"The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts. . . . As has often been explained, the foundation for this standard is that the trial court is in a clearly advantageous position to assess the personal factors significant to a domestic relations case . . . ." (Internal quotation marks omitted.) *Simms* v. *Simms*, 283 Conn. 494, 502,

927 A.2d 894 (2007). "The sole question [on appeal] is whether the trial court abused its discretion in deciding that the best interests of the children would be served by the modification. . . . [W]hether the best interests of the [child] dictate[s] a change . . . is left to the broad discretion of the trial court. . . . A mere difference of opinion or judgment cannot justify the intervention of this court. Nothing short of a conviction that the action of the trial court is one which discloses a clear abuse of discretion can warrant our interference." (Internal quotation marks omitted.) *In re Anthony E.*, 96 Conn. App. 414, 419–20, 900 A.2d 594, cert. denied, 280 Conn. 914, 908 A.2d 535 (2006). "When the factual basis of the trial court's decision is challenged on appeal, the role of this court is to determine whether the facts set out in . . . the decision . . . are clearly erroneous. . . . The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citation omitted; internal quotation marks omitted.) Id., 418.

The plaintiff claims that the court erred in granting the defendant's motion in the absence of any evidence that there had been a material change in circumstances such that it was in the child's best interests to do so. The plaintiff argues that the only evidence offered by the defendant was her testimony that she intended to retire in October, 2009. The plaintiff deems that evidence insufficient to support the modifications at issue and argues that the defendant did not present any evidence on which the court could have determined that there had been a material change in circumstances or

that it was otherwise in the child's best interest to make the defendant the primary decision maker. We do not agree.

After reviewing the record, we conclude that on the facts of this case the court did not abuse its discretion in granting the defendant's motion for modification. We disagree with the plaintiff's contention that there was no evidence to support the court's award to the defendant of primary decision-making authority. First, the court had before it the testimony of the defendant that she intended to retire on October 1, 2009. The court reasonably could have determined that the defendant's retirement constituted a change in circumstances that allowed her more time to deal with the child's needs. Second, the court had before it the uncontested statements of the defendant's counsel, apparently agreed upon by both parties, regarding the specific difficulties the parties were having with joint decision making. We disagree with the plaintiff's argument that the court could not take such representations into consideration.[1] Under the specific facts of this case, the court properly relied on the representations made by counsel, which were not disputed in any way and which were, in part, supported by reference to the court's file. It could not seriously be disputed that the parties had difficulty coming to agreement regarding various matters; indeed, the court noted that it was "puzzle[d]" that the parties were "not able to work this out themselves."

"[I]t long has been the practice that a trial court may rely upon certain representations made to it by

[1] Ordinarily, statements of counsel are not evidence and may not provide support for elements which are required to be proved. See *State* v. *Santangelo*, 205 Conn. 578, 585, 534 A.2d 1175 (1987). In some situations, however, courts may rely on uncontested and undisputed statements of counsel in resolving problems presented to them; see, e.g., *State* v. *Chambers*, 296 Conn. 397, 419, 994 A.2d 1248 (2010); especially when, as here, the information is corroborated by the court's personal observation and the court file.

attorneys, who are officers of the court and bound to make truthful statements of fact or law to the court." (Internal quotation marks omitted.) *State* v. *Chambers,* 296 Conn. 397, 419, 994 A.2d 1248 (2010); see also id., 422 (defendant's failure to contest factual representations of his attorney demonstrated acquiescence in attorney's statements and supported trial court's reliance on them); but see *Roberts* v. *Roberts,* 32 Conn. App. 465, 629 A.2d 1160 (1993) (reversing trial court's order for sale of parties' marital residence where court failed to conduct evidentiary hearing and instead issued order based on oral statements of parties' counsel). Most of the representations of the defendant's counsel were uncontested; the plaintiff's counsel contested only one statement made by the defendant's counsel. At the hearing, regarding the defendant's retirement in October, 2009, the plaintiff's counsel stated that "[w]e don't know that for certain." In response, the court immediately stated, "put [the defendant] on the [witness] stand and put her under oath." The defendant then testified that she was planning to retire on October 1, 2009. There was no further request for an evidentiary hearing and apparently no further remonstrance. The plaintiff's counsel did not contest but, rather, apparently agreed to the remainder of the statements made by the defendant's counsel, and the court was able to rely appropriately on those statements. See *State* v. *Chambers,* supra, 414–23. The plaintiff appears to be raising a concern before us that was not raised in the trial court.

At the hearing, the defendant's counsel explained the disputes over karate lessons and the school the child would attend following kindergarten. The defendant's counsel suggested that the defendant, as the parent with primary physical custody, should also have primary decision-making authority. The court, recognizing the difficulties that the parties were having with joint decision making, stated: "I'm dealing with two stubborn

people. . . . [I]t puzzles me . . . why the court's time had to be taken up by two people who should be reasonable, who should be responsible, [and who] are not able to work this out themselves. It's unbelievable to me." The court reasonably could have determined that the defendant's impending retirement and the frequent postjudgment disputes justified the change and that, given the parties' failure to "work this out themselves," it was in the best interest of the child to give the defendant, who was retiring shortly, primary decision-making authority. Accordingly, on this record, we do not conclude that the challenged ruling reflected an abuse of discretion.

The judgment is affirmed.

In this opinion the other judges concurred.