### GEORGE L. KREGOS *v.* MARK P. STONE
### (AC 24852)

Pellegrino, Flynn and West, Js.

Argued January 14—officially released April 12, 2005

*Geoffrey S. Brandner*, with whom, on the brief, was *John Lino Ponzini*, for the appellant (defendant).

*Jeffrey W. Keim*, with whom, on the brief, was *Eric M. Gross*, for the appellee (plaintiff).

FLYNN, J. The appeal before us involves a number of claims regarding the propriety of one of the trial court's evidentiary rulings, its charge to the jury and acceptance of the verdict. The plaintiff, George L. Kregos, brought a two count complaint sounding in legal malpractice against the defendant, Mark P. Stone, seeking damages. The defendant counterclaimed for legal fees owed by the plaintiff. After a trial, the jury awarded the plaintiff $206,576.40 on his complaint and the defendant $36,815.76 on his counterclaim. The trial court rendered judgment on the verdict and the defendant appealed. We affirm the judgment of the trial court.

On appeal, the defendant claims that the court improperly: (1) instructed the jury on legal malpractice, (2) instructed the jury that the offer of judgment statute permits interest to be calculated on the amount of compensatory damages as well as on punitive damages received by the plaintiff in the underlying federal court proceeding, (3) accepted an inconsistent verdict, (4) failed to admit testimony from the plaintiff about whether he had filed an offer of judgment in the legal malpractice case despite both documentation that he had not done so and inconsistent deposition testimony, and (5) failed to set aside the verdict.

The jury reasonably could have found the following facts. The plaintiff, then doing business as American Sportswire, engaged the defendant, a lawyer who specialized in patent, trademark and intellectual property matters, in connection with a dispute with a company known as The Latest Line, Inc. (Latest Line), its principals, Susan McCarthy and Jolene McCarthy, and Tribune Media Services, Inc. (Tribune). The plaintiff sought damages against Latest Line and the McCarthys for breach of contract, and against Tribune for tortious inference with the contract that he had with Latest Line.

The McCarthys owned Latest Line and had engaged the plaintiff's expertise to provide data for use in Tribune publications. At some point, Tribune demanded that the plaintiff cease doing similar work for other newspapers, despite the fact that the plaintiff had no contract with Tribune and the plaintiff was not barred from doing so by his contract with Latest Line.

On the plaintiff's behalf, the defendant brought an action in the United States District Court for the District of Connecticut against Latest Line, the McCarthys and Tribune. The defendant did not file an offer of judgment in the federal action. General Statutes § 52-192a (a) and (b) provide for a procedure whereby a plaintiff may file an offer of judgment with the clerk of the court, offering to settle the claim and may stipulate judgment for a sum certain. Under that statutory procedure, if a defendant declines to accept the offer and the judgment the plaintiff eventually recovers is equal in amount to or in excess of the amount for which the plaintiff offered to settle, the court is required to add interest at the rate of 12 percent per annum on the amount of the judgment from the date of the offer or, if the offer was filed within eighteen months of the date of the complaint, from the date of the complaint. While the litigation was proceeding, the plaintiff inquired whether an offer of judgment could have been filed in the federal action and was advised by the defendant that it could not.[1] The plaintiff

[1] Under *Erie Railroad Co.* v. *Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), a federal court in a diversity case is required to apply the substantive law of the state in which it is sitting. In *Boulevard Associates* v. *Sovereign Hotels, Inc.*, 861 F. Sup. 1132 (D. Conn. 1994), rev'd on other grounds, 72 F.3d 1029 (2d Cir. 1995), the United States District Court for the District of Connecticut applied Connecticut's offer of judgment statute, General Statutes § 52-192a (b), to its judgment and thereby awarded prejudgment interest to the prevailing party. Although rule 68 of the Federal Rules of Civil Procedure provides for a defendant, or a plaintiff defending against a counterclaim, to make an offer of judgment, there apparently is no similar rule in the Federal Rules of Civil Procedure to permit a plaintiff to make an offer of judgment.

nonetheless offered to settle the litigation for $280,000, which was accomplished by letter from the defendant to opposing counsel without filing any formal "offer of judgment" with the federal court clerk. The defendant finally withdrew as the plaintiff's counsel when the plaintiff was unable to pay in a timely manner monthly legal fees he owed to the defendant. New counsel represented the plaintiff in the trial of the federal case and recovered a judgment of $286,911.72 plus taxable costs. The plaintiff claimed in this legal malpractice action that because of the negligence of the defendant, he lost additional prejudgment interest which he might have been able to recover if the offer of judgment formally had been filed by the defendant with the clerk of the United States District Court in the underlying action against Latest Line and the other defendants in the underlying action.

## I

The defendant first alleges that the trial court failed to mention in its charge the defendant's position that he did not file an offer of judgment on the plaintiff's behalf because the plaintiff did not want to settle his case. The defendant claims that the court's failure to do so did not present the case fairly so that no injustice was done. The defendant further claims that he had offered evidence that he did not file an offer of judgment in the underlying federal action against Latest Line and the other defendants because the plaintiff did not want to be bound to any settlement sum offered and authorized only a letter of demand rather than a statutory offer of judgment filed with the clerk, which, by statute, would be irrevocable for thirty days.

"The standard of review concerning claims of error in jury instructions is well settled. . . . We must review the charge as a whole to determine whether it was correct in law and [whether it] sufficiently guided the

jury on the issues presented at trial. . . . [T]he trial court must correctly adapt the law to the case in question and must provide the jury with sufficient guidance in reaching a correct verdict." (Internal quotation marks omitted.) *Mariculture Products Ltd.* v. *Certain Underwriters at Lloyd's of London*, 84 Conn. App. 688, 702–703, 854 A.2d 1100, cert. denied, 272 Conn. 905, 863 A.2d 698 (2004).

The challenged portion of the jury charge on legal malpractice stated that "to prove causation and damages, the plaintiff must establish that the defendant's failure to make an offer of judgment in accordance with § 52-192a of the Connecticut General Statutes caused him harm because he was entitled to interest on his judgment from July 9, 1992, to September 14, 1998." Although, viewed in isolation, this part of the charge would not suffice to guide the jury correctly, charges are not examined microscopically, but are read as a whole. *Sevigny* v. *Dibble Hollow Condominium Assn., Inc.*, 76 Conn. App. 306, 311, 819 A.2d 844 (2003). We conclude that the charge, as a whole, reasonably guided the jury in reaching a verdict.

The charge emphasized the elements of a prima facie case: "One. The defendant must have a duty to conform to a particular standard of conduct for the plaintiff's protection. Two. The defendant must have failed to measure up to that standard. Three. The plaintiff must suffer actual injury, and, four, the defendant's conduct must be the cause of the plaintiff's injury."[2] The court

---

[2] In explaining proximate cause, the court stated: "If you have decided that the defendant was negligent and that the plaintiff suffered injury, then you must consider whether the negligence was the proximate cause of the injury. That is, was the negligence a substantial factor in bringing about the injury that was suffered? Only if you decide that the lawyer's negligence was the proximate cause of the plaintiff's injury should you then make a determination as to the amount of money or damages to be awarded to compensate . . . the plaintiff for his injury.

"Let me explain the concept of proximate cause further, proximate cause generally. The plaintiff in this case must prove that the defendant's act was

then reiterated: "To succeed in a legal malpractice action, the plaintiff must produce testimony, one, that a breach of the professional standard of care has occurred and, two, that the breach was a proximate cause of the injury suffered by the plaintiff. Expert testimony and circumstantial evidence can both be used in establishing legal malpractice. . . . If you have decided that the defendant was negligent and that the plaintiff suffered injury, then you must consider whether the negligence was the proximate cause of the injury." The court emphasized that there was evidence in conflict: "There is conflicting factual evidence as to whether certain conduct of the plaintiff and the defendant occurred." The court also instructed the jury that it is "not to single out any sentence or individual point or instruction . . . and ignore others. You are to consider all the instructions as a whole and regard each in light of all the others."

The test is not whether jury instructions are perfect or technically accurate but, rather, when viewed in their entirety, whether the instructions are correct in the law and provide sufficient guidance to the jury. *Matthiessen* v. *Vanech*, 266 Conn. 822, 831–32, 836 A.2d 394 (2003).

---

a proximate cause of the injury sustained by the plaintiff. Proximate cause means there must be a sufficient causal connection between the act or omission and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing the injury, that is, if the injury or damage was a reasonably foreseeable consequence of the act or omission, if an injury was a direct result or . . . proximately caused by such an act or omission. In other words, if the defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause. In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant. . . . If you find that the plaintiff complains about an injury which would have occurred even in the absence of the defendant's conduct, you must find that the defendant did not proximately cause the plaintiff's injury. There is conflicting factual evidence as to whether certain conduct of the plaintiff and the defendant occurred."

Here, the instructions correctly stated the elements of legal malpractice that the plaintiff was required to prove, and the charge gave the jury sufficient guidance.

## II

We next address the defendant's claim that the court improperly instructed the jury that § 52-192a (a) and (b), the offer of judgment statute, permitted interest to be calculated not just on the compensatory damages awarded to the plaintiff, but also on the punitive damages. During jury deliberations, the jury questioned whether, with a properly filed offer of judgment, interest may be calculated on both the compensatory and punitive damages.

The defendant specifically claims that the court improperly instructed the jury that interest could be calculated on "the whole amount recovered in the federal action, which included money allocated to the defendant's legal fees," which the plaintiff had refused to pay. The plaintiff had admitted in his testimony that he probably owed the defendant $20,000 for legal fees that had not been paid.

Our review of this issue requires us to interpret § 52-192a (a) and (b). Review of questions requiring interpretation of a statute is plenary. *Commissioner of Social Services* v. *Smith*, 265 Conn. 723, 734, 830 A.2d 228 (2003).

The defendant first avers that "[t]he analysis of the offer of judgment statute used as such on a federal court verdict may not be correct." He cites no authority for this claim. We disagree and agree with the court's analysis of the statute. In *Gionfriddo* v. *Avis Rent A Car System, Inc.*, 192 Conn. 301, 472 A.2d 316 (1984), our Supreme Court ruled that § 52-192a did not except punitive damages from the comparison of the verdict to the offer contemplated by the statute which triggers

interest if a verdict is equal to or exceeds an unaccepted "offer of judgment."

The pertinent statutory language of § 52-192a (b) mandates that "[i]f the court ascertains from the record that the plaintiff has *recovered* an amount equal to or greater than the sum certain stated in the plaintiff's 'offer of judgment', the court shall *add to the amount so recovered twelve per cent annual interest on said amount*" contained in such offer. (Emphasis added.) The court properly interpreted the word "recovered" to include the entire verdict, both punitive and compensatory damages, and the United States District Court for the District of Connecticut has adopted and applied this same reasoning. See *Boulevard Associates* v. *Sovereign Hotels, Inc.*, 861 F. Sup. 1132 (D. Conn. 1994), rev'd on other grounds, 72 F.3d 1029 (2d Cir. 1995).

The defendant also claims that this court should intervene to prevent an inequity. Specifically, he claims that the plaintiff "cannot have it both ways" by claiming that the benefit of the $20,000 he owed to the defendant as an item he recovered in the federal court action was subject to offer of judgment interest in the legal malpractice action he brought against the defendant in state court. He claims that if the attorney's fees in the underlying action are excluded from the amount recovered, damages in the federal action would have been less than the $280,000, which was the amount the jury had to find he would have made an "offer of judgment" on had he not been wrongly advised by the defendant. Damages in the form of bills not yet paid properly are included as damages as long as they were incurred as a result of a defendant's negligence. The short answer to the defendant's claim is that the attorney's fees incurred by the plaintiff in the underlying federal action were a form of punitive damages that both *Gionfriddo* and *Boulevard Associates* have held properly are included in the calculus made to determine if a verdict

equals or exceeds an offer of judgment. We therefore reject this argument.

## III

The defendant next claims that the court improperly denied his motion to set aside an inconsistent jury verdict. We do not agree.

Verdicts cannot be inconsistent, either internally or with other verdicts rendered in the same case. Our Supreme Court found an internal inconsistency that justified the trial court's setting aside of the verdict in *Ginsberg* v. *Fusaro*, 225 Conn. 420, 623 A.2d 1014 (1993). In *Ginsberg*, the trial court found "in light of its instructions, that the verdict finding the issues of negligence, causation and damages in favor of Fusaro, but awarding zero damages, was inconsistent." Id., 425. Our Supreme Court agreed and held that the trial court did not abuse its discretion in setting aside the verdict. Citing its prior decision in *Malmberg* v. *Lopez*, 208 Conn. 675, 546 A.2d 264 (1988), the court held that a verdict finding the issues for the party seeking to recover damages but awarding zero damages was inherently ambiguous. *Ginsberg* v. *Fusaro*, supra, 425.

In the present case, the defendant maintains, not that the verdict is internally ambiguous, but that the award of damages to the plaintiff on his complaint for legal malpractice was inconsistent with the jury's award to the defendant on his counterclaim for attorney's fees owed by the plaintiff.

In ruling on a motion to set aside a jury verdict, the court was required to view the evidence at trial in the light most favorable to sustaining the verdict. *Gaudio* v. *Griffin Health Services Corp.*, 249 Conn. 523, 534, 733 A.2d 197 (1999). Our standard of review on motions to set aside a verdict requires us to review the actions of the trial court and to leave its ruling undisturbed

unless we conclude that there was some broad abuse of the discretion vested in the court. *Madsen* v. *Gates*, 85 Conn. App. 383, 391, 857 A.2d 412, cert. denied, 272 Conn. 902, 863 A.2d 695 (2004). After carefully reviewing the evidence, the charge to the jury and both the plaintiff's verdict on the complaint for legal malpractice and the verdict in favor of the defendant on the counterclaim, we conclude there is nothing inconsistent in the jury's awards. From the considerable evidence before it, the jury reasonably could have credited the plaintiff's version of events that he erroneously had been advised by the defendant that a formal offer of judgment could not be filed with the clerk of the federal court, resulting in a loss of interest to the plaintiff. But for that error, the jury reasonably could have found that the total judgment would have been higher, but that nonetheless the defendant's skill and efforts in investigating the case, filing it in federal court and conducting discovery assisted in bringing about the judgment that the plaintiff obtained in the United States District Court, thus entitling the defendant to judgment against the plaintiff for his unpaid attorney's fees.

We therefore conclude that this claim is without merit.

## IV

The defendant next claims that the court improperly refused to admit evidence about whether the plaintiff ever had made an offer of judgment in this malpractice case. He contends that the evidence was relevant to the plaintiff's credibility because he had testified inconsistently on this collateral issue in a prior deposition.

The defendant has not provided this court with an adequate record to review this evidentiary claim. The defendant did not submit a copy of the deposition transcript to this court. "It is well established that [i]t is the responsibility of the appellant to provide an adequate

record for review as provided in [Practice Book §] 61-10." (Internal quotation marks omitted.) *Caro-Turner* v. *Turner*, 83 Conn. App. 53, 56, 847 A.2d 1085 (2004). Our rules of practice provide in relevant part that "the term 'record' . . . includes all trial court decisions, documents and exhibits necessary and appropriate for appellate review of any claimed impropriety." Practice Book § 61-10. We do not have an adequate record from which to determine whether the court abused its discretion or to determine whether the exclusion of the evidence was harmful. Therefore, we decline to review the defendant's claim.

V

Finally, the defendant contends that the court improperly refused to set aside the verdict on the basis of those claims which we have already addressed. We disagree.

Our Supreme Court has set forth our standard of review. It has often stated that "[t]he decision to set aside a verdict entails the exercise of a broad legal discretion that, in the absence of clear abuse, we shall not disturb. *O'Brien* v. *Seyer*, [183 Conn. 199, 208, 439 A.2d 292 (1981)]." *Palomba* v. *Gray*, 208 Conn. 21, 24, 543 A.2d 1331 (1988); see also *American National Fire Ins. Co.* v. *Schuss*, 221 Conn. 768, 774, 607 A.2d 418 (1992); *State* v. *Hammond*, 221 Conn. 264, 270, 604 A.2d 793 (1992). In our review of the exercise of this discretion, we accord great weight to the trial court's decision. *Labatt* v. *Grunewald*, 182 Conn. 236, 240, 438 A.2d 85 (1980); see also *Ginsberg* v. *Fusaro*, supra, 225 Conn. 425.

A verdict may be set aside if it is contrary to law. However, we have concluded that the defendant's challenges to the instructions to the jury are without merit. A verdict that is inconsistent or ambiguous should be set aside. *Ginsberg* v. *Fusaro*, supra, 225 Conn. 425–26.

However, for the reasons already set forth, we see nothing inconsistent in the jury's award of damages to the plaintiff on his complaint and legal fees to the defendant on his counterclaim.

Despite the defendant's claim to the contrary, the plaintiff was entitled to seek damages against the defendants in the underlying federal action for attorney's fees earned by the defendant in prosecuting the underlying federal action on the plaintiff's behalf, which the plaintiff owed to the defendant but had not yet paid. These attorney's fees were in the nature of punitive damages awarded in the federal action. Both compensatory and punitive damages are included in the amount recovered for the purpose of the comparison required by the offer of judgment statute.

Finally, the absence of a deposition record does not permit review of the defendant's evidentiary claim that the court deprived him of an opportunity to impeach the credibility of the plaintiff. For all of these reasons, we conclude that the court did not abuse its discretion in denying the motion to set aside the verdict.

The judgment is affirmed.

In this opinion the other judges concurred.