In the

# United States Court of Appeals
### For the Seventh Circuit

———————

No. 05-2154

JON RILEY HAYS,

*Plaintiff-Appellant*,

*v.*

BRYAN CAVE LLP, *et al.*,

*Defendants-Appellees*.

———————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 04-CV-451-WDS—**William D. Stiehl**, *Judge*.

———————

SUBMITTED APRIL 6, 2006—DECIDED MAY 3, 2006

———————

Before BAUER, POSNER, and WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*. This is a case of some novelty but little difficulty. The plaintiff brought suit in an Illinois court, charging the defendants, a law firm and its lawyers who had represented him in a federal criminal case (he was convicted, and did not appeal, and the denial of his motion for postconviction relief under 28 U.S.C. § 2255 was affirmed in *Hays v. United States*, 397 F.3d 564 (7th Cir. 2005)), with legal malpractice under Illinois common law. The defendants removed the case to federal district court on the ground that it really arose under federal

law because, as the district court ruled in refusing to remand the case, the resolution of a malpractice claim growing out of the defense of a federal criminal case would "require a substantial evaluation of applicable federal law," specifically a determination of the meaning and scope of the federal criminal statutes under which Hays had been convicted.

Having accepted jurisdiction of the case, the district judge dismissed it on the merits, precipitating this appeal, in which Hays contends that the district court never obtained jurisdiction because the suit was not removable. We have found two reported cases—*Winniczek v. Nagelberg*, 394 F.3d 505, 510 (7th Cir. 2005), and, less clearly, *Bilal v. Kaplan*, 904 F.2d 14 (8th Cir. 1990) (per curiam)—that assume that there is no federal jurisdiction over a state-law malpractice suit merely because its genesis is a federal suit. But we cannot find a reported decision that actually rules on the matter.

The standard applied by the district judge in deciding to deny the motion to remand was incorrect. A defendant might have defenses based on federal law to claims that arose only under state law, and it might be predictable at the outset that most of the time and the other resources consumed in the litigation would be devoted to those defenses. Yet with immaterial exceptions, a case filed in state court under state law cannot be removed to federal court on the basis that there are defenses based on federal law. *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003); *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 152 (1908); *Moran v. Rush Prudential HMO, Inc.*, 230 F.3d 959, 966-67 (7th Cir. 2000). What is true is that if federal law creates the claim on which the plaintiff is suing, the fact that he has omitted from his complaint any reference to federal law will not defeat removal. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22-23 (1983); *Burda v. M. Ecker Co.,*

954 F.2d 434, 438 (7th Cir. 1992); *Mikulski v. Centerior Energy Corp.*, 435 F.3d 666, 671 (6th Cir. 2006). As the cases say, the plaintiff cannot abrogate the defendant's right of removal by "artful pleading." E.g., *Tifft v. Commonwealth Edison Co.*, 366 F.3d 513, 516 (7th Cir. 2004); *International Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912, 915 (7th Cir. 2001); *Sullivan v. American Airlines, Inc.*, 424 F.3d 267, 271 (2d Cir. 2005). So for example if a suit is filed in state court charging a fiduciary with a breach of his fiduciary duty, and the defendant is an ERISA fiduciary, the case is removable to federal court even if the complaint does not mention ERISA. *Aetna Health Inc. v. Davila,* 542 U.S. 200, 209 (2004); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987); *Mayeaux v. Louisiana Health Service & Indemnity Co.*, 376 F.3d 420, 432 (5th Cir. 2004). Because ERISA displaces all state law within its scope, such a case *necessarily* arises under federal law, namely under ERISA, and so is removable despite the complaint's reticence.

That is not the case here. Nothing in federal law prevents a disappointed litigant in a federal case from suing his lawyer under state malpractice law. E.g., *Kregos v. Stone*, 872 A.2d 901, 903 (Conn. App. 2005); *Burns v. Goudeau*, 888 So. 2d 1031, 1031-32 (La. App. 2004). The elements of legal malpractice in Illinois (as elsewhere)—"an attorney-client relationship, a duty arising from that relationship, a breach of that duty, and actual damages or injury proximately caused by that breach," *Sorenson v. Law Offices of Theodore Poehlmann,* 764 N.E.2d 1227, 1229 (Ill. App. 2002); *Profit Management Development, Inc. v. Jacobson, Brandvik & Anderson, Ltd.*, 721 N.E.2d 826, 842 (Ill. App. 1999), plus, if the case in which the alleged malpractice occurred was a criminal case, that the defendant was actually innocent, *Moore v. Owens*, 698 N.E.2d 707, 709 (Ill. App. 1998); *Winniczek v. Nagelberg, supra*, 394 F.3d at 507 (Illinois law)—are inde-

pendent of the law under which the suit that the defendant lawyer is alleged to have muffed was brought. Issues concerning the meaning of that law are quite likely to arise in such a malpractice action, but there is nothing unusual about a court having to decide issues that arise under the law of other jurisdictions; otherwise there would be no field called "conflict of laws" and no rule barring removal of a case from state to federal court on the basis of a federal defense. "Mentioning a federal issue in a contract, or for that matter a complaint, does not determine the source of the claim itself." *City of Chicago v. Comcast Cable Holdings, L.L.C.*, 384 F.3d 901, 904-05 (7th Cir. 2004).

Cases that arise under federal law are removable to federal court, though filed originally in state court, in order to limit forum shopping. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). For otherwise, in any area of concurrent federal-state jurisdiction, plaintiffs would have a free choice of whether the suit would be litigated in state court or in federal court. With removal on the basis of the federal nature of the plaintiff's claim possible, either side can choose to litigate in federal court, while if removal were possible on the basis of a federal defense, then defendants would have the exclusive choice of forum in any case in which a nonfrivolous federal defense could be pleaded.

The judgment of the district court is vacated with directions to remand the case to the state court in which it was filed.

VACATED AND REMANDED.

No. 05-2154                                                    5

A true Copy:

        Teste:

                        _____
                        *Clerk of the United States Court of*
                        *Appeals for the Seventh Circuit*