**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-1705**

_____

DONALD L. MORRISON,

              Plaintiff – Appellant,

        v.

GEORGE E. B. HOLDING; DAVID CORTES; WAYNE R. MYERS; DENNIS
DUFFY; S. KATHERINE BURNETTE; GEORGE B. CURRIN; STEVEN
WEST; VAUGHAN WINBORNE, JR.,

              Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  Terrence W. Boyle,
District Judge.  (7:12-cv-00253-BO)

_____

Submitted:  September 12, 2013     Decided:  September 24, 2013

_____

Before WILKINSON, DUNCAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Donald Morrison, Appellant Pro Se.  Joshua Bryan Royster, OFFICE
OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina; David
Stebbins Coats, John Thomas Crook, BAILEY & DIXON, Raleigh,
North Carolina; Paul Faison Winborne, WINBORNE LAW OFFICE,
Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Morrison appeals the district court's order dismissing his complaint. In 2006, Morrison was found guilty on numerous counts of fraud arising from his company's business distributing food stamps for North Carolina counties in the 1990s. Morrison was also convicted for failure to appear at his sentencing. In his complaint, Morrison asked the district court to vacate his convictions and to assess damages against the attorneys who represented him and several other attorneys at the United States Attorney's Office for North Carolina who had any involvement in his prosecution. This was not Morrison's first attempt to vacate his conviction or seek damages from these Defendants; Morrison has previously filed at least four post-conviction civil actions in the Eastern District of North Carolina alone on the same subject matter. However, only one resulted in a dismissal on the merits. On appeal, Morrison largely reiterates his claims below, a narrative account that largely reargues the facts of his criminal case. We affirm.

We conclude that the district court lacked subject matter jurisdiction over Morrison's state malpractice claims against Vaughn Winborne and George Currin.[1] That the alleged

---

[1] We decline to affirm the district court's dismissal on res judicata grounds because, although Morrison's previous action was dismissed on statute of limitations grounds, it was also
(Continued)

2

malpractice occurred during a federal criminal case does not confer federal question jurisdiction. See Hays v. Bryan Cave, LLP, 446 F.3d 712, 713-14 (7th Cir. 2006). Nor does Morrison establish total diversity of citizenship between the parties. See 28 U.S.C. § 1332 (2006). Finally, because we conclude that Morrison's remaining claims are meritless, supplemental jurisdiction over his state law claims is not warranted. See 28 U.S.C. § 1367(c)(3) (2006) (permitting dismissal of pendent state law claims upon dismissal of federal claims); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) (recognizing that when "federal claims are dismissed before trial, . . . state claims should be dismissed as well").

With regard to Morrison's claims against the governmental Defendants, we affirm for the reasons stated by the district court. The district court construed Morrison's claims as a Bivens[2] action. To the extent that Morrison sues the governmental Defendants in their official capacities, his claims are barred by sovereign immunity. See F.D.I.C. v. Myer, 510

---

dismissed for lack of subject matter jurisdiction. See Pizlo v. Bethlehem Steel Corp., 884 F.2d 116, 119 (4th Cir. 1989) ("When a dismissal is based on two determinations, one of which would not render the judgment a bar to another action on the same claim, the dismissal should not operate as a bar.").

[2] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

U.S. 471, 484-86 (1994); <u>Consejo de Desarrollo Economico de Mexicali, A.C. v. United States</u>, 482 F.3d 1157, 1173 (9th Cir. 2007) ("[A] <u>Bivens</u> suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity."). To the extent Morrison sues the governmental Defendants in their personal capacities, his claims are barred because his convictions have not been expunged, overturned, or otherwise declared invalid. <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1998). <u>See also</u> <u>Robinson v. Jones</u>, 142 F.3d 905, 906-907 (6th Cir. 1998) (applying <u>Heck</u> to a <u>Bivens</u> action); <u>Abella v. Rubino</u>, 63 F.3d 1063, 1065 (11th Cir. 1995) (same).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

<u>AFFIRMED</u>

4