******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BARRY GRAHAM *v.* COMMISSIONER
OF TRANSPORTATION
(AC 43919)

Bright, C. J., and Clark and Bear, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant Commissioner
of Transportation pursuant to the state defective highway statute (§ 13a-
144), for injuries that he sustained as a result of a motor vehicle accident
that occurred on a bridge over a public highway. The plaintiff alleged
that the accident was caused by black ice on the bridge, which he
claimed constituted a highway defect. Before the plaintiff's accident,
the state police had informed the Department of Transportation of
another ice related accident on the bridge. The plaintiff's accident
occurred before the arrival of the department's crew. The case was tried
to a jury and, after three days of deliberations, the jury attempted to
return a plaintiff's verdict while also answering "no" to an interrogatory
that asked the jury whether it found that the defendant had a reasonable
amount of time to remedy the defect before the plaintiff's accident.
After the trial court returned the jury to continue its deliberations, the
jury returned with a defendant's verdict, maintaining its "no" answer
to the interrogatory. The trial court accepted the verdict, denied the
plaintiff's motion to set aside the verdict, and this appeal followed. *Held*:

1. The plaintiff could not prevail on his claim that the trial court abused its
   discretion by refusing to accept the jury's initial verdict and by returning
   the jury to continue its deliberations to rectify an inconsistency in its
   verdict: the jury found, in its answer to the interrogatory, that the defen-
   dant did not have a reasonable amount of time to remedy the defect,
   and, accordingly, the defendant could not be liable to the plaintiff and
   the trial court correctly concluded that the initial verdict in favor of
   the plaintiff was inconsistent with its response to the interrogatory;
   moreover, this court did not consider the plaintiff's claims that the
   interrogatory was confusing and suffered from inartful wording because
   he did not timely object to the inclusion of or to the text of the interroga-
   tory before it was submitted to the jury.

2. This court declined to review the plaintiff's claim that the trial court erred
   with respect to the instruction that it gave to the jury before returning
   the jury to continue its deliberations because that claim was not properly
   preserved: although the plaintiff's counsel argued that the particular
   language of the supplemental charge, namely, its lack of a specific
   reference to the challenged interrogatory, constituted an abuse of discre-
   tion, the plaintiff's counsel did not object to the court's instruction prior
   to the jury's return with a defendant's verdict, and the general comments
   of the plaintiff's counsel were neither timely nor sufficient to preserve
   the issue for review by this court; moreover, even if counsel's statements
   could have been perceived as an objection to the court's supplemental
   instruction, they were not timely when they were made for the first
   time after the jury returned from its deliberations and the court accepted
   its verdict.

Argued May 18—officially released August 3, 2021

*Procedural History*

Action to recover damages for personal injuries sus-
tained as a result of alleged highway defects, and for
other relief, brought to the Superior Court in the judicial
district of New London, where Ethan Raymond Graham,
administrator of the estate of Barry Graham, was substi-
tuted as the plaintiff; thereafter, the case was tried to
the jury before *Calmar, J.*; verdict for the defendant;
subsequently, the court, *Calmar, J.*, denied the substi-
tute plaintiff's motion to set aside the verdict and ren-

dered judgment in accordance with the verdict, from which the substitute plaintiff appealed to this court. *Affirmed.*

*Ralph J. Monaco*, with whom, on the brief, was *Eric J. Garofano*, for the appellant (substitute plaintiff).

*Paul T. Nowosadko*, with whom was *Lorinda S. Coon*, for the appellee (defendant).

*Opinion*

BEAR, J. The substitute plaintiff, Ethan Raymond Graham, the administrator of the estate of the plaintiff, Barry Graham,[1] appeals from the judgment of the trial court denying his motion to set aside a jury verdict in favor of the defendant, the Commissioner of Transportation, after the jury found the defendant not liable for the plaintiff's motor vehicle accident and resulting injuries under the defective highway statute, General Statutes § 13a-144.[2] On appeal, the substitute plaintiff claims that the trial court (1) abused its discretion by refusing to accept the jury's initial verdict, and by returning the jury to continue its deliberations to rectify an inconsistency in its verdict, and (2) erred with respect to the instruction that it gave to the jury prior to returning the jury to continue its deliberations. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to our consideration of the substitute plaintiff's claims on appeal. This matter arose out of a motor vehicle accident that occurred on December 12, 2011, on the Gold Star Memorial Bridge (bridge) on Interstate 95 over the Thames River between New London and Groton. The plaintiff brought this action against the defendant pursuant to § 13a-144, the "defective highway statute," alleging that his accident was caused by black ice, which constituted a highway defect. The defendant filed a motion for summary judgment claiming, among other things, a lack of notice of the icy spot on the bridge that caused the plaintiff's accident and that, even if notice of the icy condition of the bridge existed, the plaintiff's accident occurred before there was a reasonable amount of time to respond to and remedy that condition. It was undisputed that another ice related car accident had occurred on the bridge earlier that day, at 5:40 a.m., and that the state police had notified the Department of Transportation (department) at 5:49 a.m. of the icy conditions on the bridge.

The defendant submitted affidavits describing the prompt activation of the department's after-hours call out protocol and the activities of the department's crew in traveling from their homes to a department garage in Waterford, loading a truck with salt, and driving to the bridge. The plaintiff's accident occurred at 6:38 a.m., before the arrival of the department's crew. The trial court granted the defendant's motion for summary judgment, concluding that, even if the defendant had constructive notice of the icy conditions of the bridge on the basis of the earlier accident, the department's response time was reasonable as a matter of law.

On appeal, this court reversed the trial court's granting of the defendant's motion for summary judgment, concluding that there were genuine issues of material

fact with respect to the reasonableness of the defendant's response after he received notice of the defect, and that this "multifactorial determination" should be made by a jury. See *Graham* v. *Commissioner of Transportation*, 168 Conn. App. 570, 586, 148 A.3d 1147 (2016), rev'd in part on other grounds, 330 Conn. 400, 195 A.3d 664 (2018). Our Supreme Court granted the defendant's petition for certification to appeal in part, focusing on a sovereign immunity issue that is not relevant to the present appeal. See *Graham* v. *Commissioner of Transportation*, 330 Conn. 400, 403 n.2, 195 A.3d 664 (2018). Our Supreme Court remanded the case for trial, noting that "the sole factual issue remaining . . . [was] the reasonableness of the commissioner's response to the highway defect *after* receiving notice from the state police." (Emphasis in original.) Id., 427.

Because the plaintiff died during the pendency of that appeal, following the remand, the administrator of the plaintiff's estate was substituted as the plaintiff. The case was tried to a jury in November, 2019, and the defendant maintained at trial that the department's crew acted reasonably and did not have time to travel to the bridge prior to the plaintiff's accident. The defendant submitted proposed jury interrogatories to the substitute plaintiff's counsel, who "reviewed the interrogatories and made a change unrelated to the present controversy." Interrogatory number four, which is central to this appeal, provided: "Do you find that the defendant had a reasonable time to remedy the specific defect after [he] knew of it prior to the plaintiff's accident?"

After three days of deliberations, the jury attempted to return a plaintiff's verdict while also answering "no" to interrogatory number four (initial verdict).[3] The court thereafter stated: "Ladies and gentlemen of the jury, it is apparent to me, from a review of the jury interrogatories and verdict form that you have submitted, that you've made a mistake. Specifically, I'm returning you to the jury deliberation room to reconsider your verdict in light of the jury interrogatories and to correct that mistake. If you need portions of the evidence or charge reread to assist you, please provide me with a note in accordance with the procedures I've previously described. I think at this stage that's all I'll say. And if you need further guidance, you can advise me accordingly." There was no contemporaneous objection to the court's instruction. The jury returned a few minutes later with a defendant's verdict, maintaining its "no" answer to interrogatory number four. The court accepted the verdict. The substitute plaintiff thereafter filed a motion to set aside the verdict, which the court denied. This appeal followed.

I

The substitute plaintiff claims that the trial court abused its discretion by refusing to accept the initial verdict and by returning the jury to its deliberations to

rectify the inconsistency in that verdict. Specifically, the substitute plaintiff argues that the initial verdict was "supported by the answers to interrogatories [one, two, three, five, and six],[4] taken in combination with the presumption that the jury followed the jury charge," and that, because interrogatory number four "contains language that is markedly different than the jury charge," therefore "[t]he negative answer to [interrogatory number four] does not defeat the plaintiff's verdict." (Footnote added.) Additionally, the substitute plaintiff argues that "there was extensive evidence of prior accidents on the bridge covered with ice to allow the jury to make a fact specific determination that the [department's] response time was not reasonable." We are not persuaded.

We begin with our standard of review. "The proper appellate standard of review when considering the action of a trial court in granting or denying a motion to set aside a verdict is the abuse of discretion standard. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only [when] an abuse of discretion is manifest or [when] injustice appears to have been done. . . . [T]he role of the trial court on a motion to set aside the jury's verdict is not to sit as [an additional] juror . . . but, rather, to decide whether, viewing the evidence in the light most favorable to the prevailing party, the jury could reasonably have reached the verdict that it did. . . . In reviewing the action of the trial court in denying [or granting a motion] . . . to set aside the verdict, our primary concern is to determine whether the court abused its discretion . . . ." (Internal quotation marks omitted.) *Rendahl* v. *Peluso*, 173 Conn. App. 66, 94–95, 162 A.3d 1 (2017).

Additionally, this court stated in *Rendahl* that, "[p]ursuant to General Statutes § 52-223, [t]he court may, if it judges the jury has mistaken the evidence in the action and has brought in a verdict contrary to the evidence, or has brought in a verdict contrary to the direction of the court in a matter of law, return them to a second consideration, and for the same reason may return them to a third consideration. The jury shall not be returned for further consideration after a third consideration. See also Practice Book § 16-17. . . .

"A trial court may decline to accept a verdict and return the jury to continue its deliberations when the verdict form or accompanying interrogatories, if any: are legally inconsistent; e.g., *Bilodeau* v. *Bristol*, 38 Conn. App. 447, 455, 661 A.2d 1049 ([w]here answers to interrogatories are inconsistent, trial court has duty to attempt to harmonize the answers), cert. denied, 235 Conn. 906, 665 A.2d 899 (1995); contain incomplete findings as to the essential elements of a cause of action or fail to completely dispose of an essential issue; e.g.,

*Tisdale* v. *Riverside Cemetery Assn.*, 78 Conn. App. 250, 258–60, 826 A.2d 232, cert. denied, 266 Conn. 909, 832 A.2d 74 (2003); or are so ambiguous that the verdict cannot be said to contain an intelligible finding . . . ." (Internal quotation marks omitted.) *Rendahl* v. *Peluso*, supra, 173 Conn. App. 95–96; see also *Kregos* v. *Stone*, 88 Conn. App. 459, 470, 872 A.2d 901 ("[a] verdict that is inconsistent or ambiguous should be set aside"), cert. denied, 275 Conn. 901, 882 A.2d 672 (2005).

In the present case, interrogatory number four asked the jury to determine whether the defendant had a reasonable amount of time to remedy the specific defect of an icy road surface after he became aware of the defect prior to the plaintiff's accident. The jury found that he did not have a reasonable time to remedy the highway defect. Because the jury found that he did *not* have a reasonable amount of time to remedy the defect after receiving notice of the icy condition of the bridge, the defendant could not be liable to the plaintiff. See *Graham* v. *Commissioner of Transportation*, supra, 168 Conn. App. 584–85. Thus, the trial court correctly concluded that the initial verdict of the jury in favor of the plaintiff was inconsistent with the jury's response to interrogatory number four. The court's decision not to accept the inconsistent verdict but to return the jury for further deliberations was not an abuse of discretion.

The substitute plaintiff attempts to avoid this result by focusing on the difference in language between interrogatory number four, "[d]o you find that the [defendant] had a reasonable time to remedy the specific defect after [he] knew of it prior to the plaintiff's accident," and the language of the jury charge, whether the defendant "failed to remedy the defect within a reasonable time when considering all the circumstances." In the substitute plaintiff's view, "considering all the circumstances" is a significant enough variation from the language of interrogatory number four that a negative answer to interrogatory number four would not defeat a plaintiff's verdict. In other words, the substitute plaintiff would have us ignore interrogatory number four on the ground that it does not exactly mirror the jury charge and hold, instead, that all of the elements of the plaintiff's highway defect claim had been proven on the basis of the other interrogatories.

The substitute plaintiff, however, did not timely object either to the inclusion of or to the text of interrogatory number four before it was submitted with the other interrogatories to the jury. Prior to the filing of the defendant's proposed interrogatories with the court, the substitute plaintiff's counsel had the opportunity to review them and did, in fact, suggest a change to be made to one of those interrogatories, other than interrogatory number four. On appeal, the substitute plaintiff claims for the first time that interrogatory number four was "confus[ing]," suffered from "inartful wording,"

and erroneously "combine[d] the issue of 'reasonable time' with the analysis of causation"—defects that he now claims are severe enough to warrant overturning the jury's subsequent defendant's verdict. In light of the failure of the substitute plaintiff's counsel to timely object to the inclusion or to the wording of interrogatory number four during trial, we will not consider those claims on appeal. See *Mokonnen* v. *Pro Park, Inc.*, 113 Conn. App. 765, 770–71, 982 A.2d 916 (2009) ("We may presume from the plaintiff's repeated failure to object to the interrogatories that he agreed to their content and their submission to the jury. . . . The plaintiff's claimed error was never distinctly raised at trial, and, accordingly, it was not preserved for appeal." (Citation omitted.)).

"It is well settled that [o]ur case law and rules of practice generally limit [an appellate] court's review to issues that are distinctly raised at trial. . . . [O]nly in [the] most exceptional circumstances can and will this court consider a claim, constitutional or otherwise, that has not been raised and decided in the trial court. . . . The reason for the rule is obvious: to permit a party to raise a claim on appeal that has not been raised at trial— after it is too late for the trial court or the opposing party to address the claim—would encourage trial by ambuscade, which is unfair to both the trial court and the opposing party. . . . [S]ee . . . Practice Book § 60-5 (court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial)." (Citation omitted; internal quotation marks omitted.) *Alpha Beta Capital Partners, L.P.* v. *Pursuit Investment Management, LLC*, 193 Conn. App. 381, 454–55, 219 A.2d 801 (2019), cert. denied, 334 Conn. 911, 221 A.3d 446 (2020).

II

The substitute plaintiff next claims that "after the trial court declined to accept the [initial verdict], it erroneously instructed the jury by failing to express the court's concern regarding one answer to [the] jury interrogatories." The substitute plaintiff argues that it was an abuse of discretion for the trial court to instruct the jury that it believed the jury had " 'made a mistake,' " without any "specific instruction about the court's concern regarding [interrogatory number four]," and that the court's instruction "left the jury confused and without guidance pertaining to the court's concern." The substitute plaintiff claims that, in light of the court's instruction, the jury was left with "only . . . two options: plaintiff's verdict or defendant's verdict. After the court told [the jury] that [it] made a mistake, the jury returned the only other option, a defendant's verdict." We conclude that this claim was not properly preserved, and, thus, we decline to review it.

The following additional facts are necessary for an understanding of the substitute plaintiff's claim. After

the jury returned its initial verdict, the court instructed the jury regarding its mistake and returned the jury to its deliberations to rectify it. The substitute plaintiff's counsel did not object to the court's instruction prior to the jury's return with a defendant's verdict. Thereafter, the substitute plaintiff's counsel stated: "I'm very concerned that, you know, within the course of ten minutes they've gone from a plaintiff's verdict and now have turned around and—you know, because the court sent them back, my concern is that they're very confused—they thought you didn't like that verdict; you thought that was the wrong verdict. And I know that's not what the court intended to do, but I fear that these people are—you know, thought that, okay, we came out with a plaintiff's verdict, judge didn't like it, sent us back, said, you know, rethink it; and so now we've come out with a defendant's verdict and the judge accepted that and we're all done.

"So I think what we have here, Your Honor, is a confused jury. We've been at this now for—they've been at it for three days. As long as the case [was] tried they've been deliberating. And I don't think it's fair to accept the verdict, Your Honor, in this state. It's clear to me that, you know, they—I mean, they obviously thought that there should be an award of damages: they filled out that form; they were thoughtful in filling it out; it's not for what I asked for—it's for significantly less than what I asked for—but nevertheless, they filled it out. And so I think, you know, we have here a jury that returned a plaintiff's verdict; you didn't accept it; you sent them back; and they said, okay, here's a defendant's verdict. There are only two options.

"So I'm concerned that, you know, we have a jury here that really is very confused about the law, and I don't think it's fair, Your Honor, to accept the verdict based on the obvious confusion that has been manifested by the course of events over the last few minutes."

The substitute plaintiff argues that those comments of counsel "represent an explicit objection to the supplemental charge." We disagree. The comments of the substitute plaintiff's counsel following the defendant's verdict state, with respect to the supplemental charge, that "the court sent them back," and that the judge "didn't like [the initial verdict], sent us back, said, you know, rethink it . . . ." On appeal, the substitute plaintiff now argues that the particular language of the supplemental charge, namely, its lack of a specific reference to interrogatory number four, constituted an abuse of discretion. The general comments of the substitute plaintiff's counsel, however, were neither timely nor sufficient to preserve this issue for our review.

"[T]he determination of whether a claim has been properly preserved will depend on a careful review of the record to ascertain whether the claim on appeal

was articulated below with sufficient clarity to place the trial court [and the opposing party] on reasonable notice of that very same claim." (Internal quotation marks omitted.) *Alpha Beta Capital Partners, L.P.* v. *Pursuit Investment Management, LLC*, supra, 193 Conn. App. 455.

The substitute plaintiff's counsel did not object to the court's supplemental instruction after it was given, and counsel's general comments following the jury's final verdict did not articulate with sufficient clarity an objection to the precise language of that supplemental instruction. Even if counsel's statements could be perceived as an objection to the court's supplemental instruction, they were not timely when they were made for the first time after the jury returned from its deliberations and the court accepted its verdict.[5] Therefore, we decline to review this claim because it was not properly preserved. See *Szekeres* v. *Szekeres*, 126 Conn. App. 829, 847 n.7, 16 A.3d 713 (Because the plaintiffs "did not take exception to the court's instructions to the jury and did not object to the verdict form and interrogatories, their claims are unpreserved. Accordingly, we decline to review them."), cert. denied, 300 Conn. 939, 17 A3d 475 (2011), and cert. denied, 300 Conn. 940, 17 A.3d 475 (2011).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] On April 8, 2019, Ethan Raymond Graham was substituted as the plaintiff in his capacity as the administrator of the plaintiff's estate following the plaintiff's death on March 8, 2018. In this opinion, we refer to Ethan Raymond Graham as the substitute plaintiff and to Barry Graham as the plaintiff.

[2] General Statutes § 13a-144 provides in relevant part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway . . . which it is the duty of the Commissioner of Transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. . . ."

[3] The parties disagree with respect to whether the so-called initial verdict was technically a verdict, because it was not accepted by the court. We, however, for convenience, refer to the jury's attempt to return a plaintiff's verdict, while answering "no" to interrogatory number four, as the initial verdict, although it was not accepted by the court.

[4] The interrogatories, and the jury's answers to them, were: "1. Do you find that the Gold Star Memorial Bridge northbound at the location of the alleged accident was reasonably safe for the reasonably prudent traveler at the time of [the plaintiff's] accident? No. 2. Do you find that the ice on the bridge was such that it 'would necessarily obstruct or hinder one in the use of the road for purposes of traveling thereon?' Yes. 3. Do you find that before the plaintiff's accident the defendant actually knew of the specific defect which the plaintiff alleges caused his accident? Yes. 4. Do you find that the defendant had a reasonable time to remedy the specific defect after [he] knew of it prior to the plaintiff's accident? No. 5. Do you find that the plaintiff was in the exercise of due care at the time of the accident? Yes. 6. Do you find that the alleged highway defect was the only substantial factor causing the plaintiff's claimed injuries? Yes."

[5] The substitute plaintiff suggested in his reply brief and his counsel suggested in his oral argument before this court that there was insufficient time for him to raise an objection to the court's supplemental instruction when it returned the jury for further deliberations because of how quickly the jury returned with its final verdict. We disagree. It would have taken the substitute plaintiff's counsel a mere moment to voice an objection, ask the court to tell the jury to suspend deliberations while he considered his

options, or ask that the court not have the jury return its final verdict until he decided if he wanted to request a further instruction from the court. In fact, before the jury returned its final verdict, the defendant's counsel objected "to the jury being sent out again" and asked for a directed verdict. Clearly, the substitute plaintiff's counsel could have raised any issues he had at the same time.

---